UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



JACOB QUEERN,[1]

    Plaintiff,

v.                           ACTION NO. 2:19cv485

DEFENSE LOGISTICS AGENCY (DLA), et al.,

    Defendants.

### ORDER

On September 9, 2019, the court received a package in the mail for filing that contained a hard copy of an unsigned form "Complaint for a Civil Case," along with a USB flash drive. The package did not contain payment for the requisite filing fees; however, the USB flash drive contained an electronic version of an application to proceed in forma pauperis ("IFP Application").

In an Order dated September 17, 2019, the court, among other things, directed the Clerk to print a copy of the IFP Application from the USB flash drive, and file it as a separate document on the docket of this matter. Order at 1-2, ECF No. 1. Upon review of the IFP Application, the court determined that it did not clearly identify who was intended to be the named Plaintiff in this action. Id. at 3. The court stated:

---

[1] As set forth in more detail herein, the case caption has been updated to reflect that Jacob Queern is the proper Plaintiff in this action.

> The IFP Application identifies the Plaintiff in this action as JEQ & Co., LLC. IFP Appl. at 1. However, the IFP Application also contains information that suggests that it was filed by an individual named Jacob Queern, who is identified as the "Principal" of JEQ & Co., LLC. Id. at 5 (identifying Mr. Queern as the "Principal" of JEQ & Co., LLC, and appearing to provide information regarding Mr. Queern's age and educational background).

Id.

Because the identity of the named Plaintiff was unclear, the court denied the IFP Application, and directed Plaintiff to either: (i) remit the $350.00 filing fee and $50.00 administrative fee, or (ii) submit a clear and complete IFP Application (that clearly identifies the named Plaintiff) to the court for consideration. Id. at 4.

On September 30, 2019, Plaintiff filed a second application to proceed in forma pauperis ("Second IFP Application").[2] Second IFP Appl., ECF No. 4. The Second IFP Application identifies Jacob Queern, the Principal of JEQ & Co., LLC, as the named Plaintiff in this action. Id. at 1. Accordingly, the Clerk is **DIRECTED** to substitute Jacob Queern as the named Plaintiff on the docket of this matter.

---

[2] In addition to a Second IFP Application, Plaintiff has also filed a proposed E-Noticing Registration Request, a proposed "Motion to Accept Proposed Amended Complaint," and a proposed "Motion for Leave." See Proposed E-Noticing Registration Req., ECF No. 3; Proposed Mot. Accept Proposed Am. Compl., ECF No. 4-1; Proposed Mot. Leave, ECF No. 4-3. The court will address Plaintiff's additional proposed motions after the fee issue is resolved.

Upon review of the Second IFP Application, the court finds that it appears to contain incomplete information regarding Plaintiff's financial situation. For example, Plaintiff indicates that he has been employed by JEQ & Co., LLC since January 2015, but does not identify any employment-related income. Id. at 1-2. Additionally, Plaintiff appears to identify a significant source of funds from which he could potentially pay the requisite filing fees. Id. at 2; see also Kunamneni v. Locke, Nos. 1:09cv005, 1:09cv450, 2010 U.S. Dist. LEXIS 46876, at *3 (E.D. Va. May 12, 2010)(explaining that in forma pauperis status is "a privilege, not a right," that is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for "the necessities of life").

Under these circumstances, the court finds that the Second IFP Application does not establish that Plaintiff qualifies for in forma pauperis status. Accordingly, Plaintiff's Second IFP Application, ECF No. 4, is **DENIED**. If Plaintiff would like to proceed with this action, he is **DIRECTED** to either (i) remit the $350.00 filing fee and $50.00 administrative fee, or (ii) submit another IFP Application that addresses the issues raised above. If Plaintiff does not do so within thirty days of the date of entry of this Order, the court will dismiss this action without prejudice.

In addition to the instructions listed above, the Clerk is **DIRECTED** to send a copy of this Order, along with a copy of the court's

Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), to Plaintiff.

IT IS SO **ORDERED**.

October 11, 2019

/s/ Rebecca Beach Smith
Rebecca Beach Smith
Senior United States District Judge