UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACOB QUEERN,

        Plaintiff,

v.                                ACTION NO. 2:19cv485

DEFENSE LOGISTICS AGENCY (DLA), et al.,

        Defendants.

## DISMISSAL ORDER

This matter is before the court to address pro se Plaintiff Jacob Queern's ("Plaintiff") failure to comply with prior Orders of this court. As explained in more detail below, the court hereby **DISMISSES** this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

### I. Relevant Background

Plaintiff initiated this action on September 9, 2019, by submitting a package to the court that included, among other things, a USB flash drive that contained an electronic version of an application to proceed in forma pauperis ("First IFP Application") and a hard copy of an unsigned Complaint. First IFP Appl., ECF No. 2; Proposed Compl., ECF No. 2-1; see Order at 1, ECF No. 1. Due to confusion regarding the identity of the named Plaintiff, the court denied Plaintiff's First IFP Application. Order at 3-4.

On September 30, 2019, Plaintiff filed a Second IFP Application, along with a proposed Amended Complaint. Second IFP Appl., ECF No. 4; Proposed Am. Compl., ECF No. 4-2. Upon review, the court determined that Plaintiff's Second IFP Application failed to establish that Plaintiff was entitled to in forma pauperis status. Order at 3, ECF No. 5. As a result, the court denied Plaintiff's Second IFP Application. Id.

On November 14, 2019, Plaintiff filed a Third IFP Application. Third IFP Appl., ECF No. 7. On November 27, 2019, the court granted Plaintiff's Third IFP Application and directed the Clerk to file Plaintiff's Amended Complaint. Order at 4-5, ECF No. 9. In its November 27, 2019 Order, the court explained that Plaintiff filed a number of proposed motions prior to the resolution of the fee waiver issues. Id. at 1. With the fee waiver issues resolved, the court addressed the motions. Id. at 5-8.

One of Plaintiff's motions sought leave to file a Second Amended Complaint. Id. at 5. In deference to Plaintiff's pro se status, the court granted Plaintiff's amendment request. Id. However, in doing so, the court advised Plaintiff that his Second Amended Complaint must comply with certain specific requirements. Id. The court stated that the Second Amended Complaint must:

    (i)    be clearly labeled as Plaintiff's Second Amended Complaint;

    (ii)   clearly identify all Defendants against whom Plaintiff intends to assert claims;

    (iii)    clearly state, with specificity, all claims that Plaintiff intends to assert against Defendants;

    (iv)    clearly identify a valid basis for the court's jurisdiction over all asserted claims;

    (v)    clearly set forth all factual allegations upon which Plaintiff's claims are based; and

    (vi)    attach any relevant exhibits to support such claims.

Id. The court also stated that the Second Amended Complaint "must comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure." Id. at 6. The court explained:

> Federal Rule 8 requires a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Federal Rule 8 explains that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule 10 states that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Id. The court specifically warned Plaintiff that "this action may be dismissed if he fail[ed] to comply with the terms of [the] Order." Id.

Plaintiff filed a Second Amended Complaint, and soon thereafter, Plaintiff filed additional motions that sought to add more claims to his Second Amended Complaint. See Second Am. Compl., ECF No. 17; Mots., ECF Nos. 20, 21. In an Order entered on February 24, 2020, the court explained that "Plaintiff's Second Amended Complaint continue[d] to lack the clarity requested by the court." Order at 8, ECF No. 22. In deference to Plaintiff's pro se status,

3

the court provided Plaintiff with yet another amendment opportunity. Id. at 9. The court granted Plaintiff leave to file a Third Amended Complaint "to clarify the intended Defendants, and to clearly identify all claims to be asserted in this action." Id.

The court advised Plaintiff that his Third Amended Complaint must comply with certain specific requirements. The court stated that the Third Amended Complaint must:

(i)   be clearly labeled as Plaintiff's Third Amended Complaint;

(ii)  clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;

(iii) clearly state, with specificity, all claims that Plaintiff intends to assert against Defendant(s);

(iv)  clearly identify a valid basis for the court's jurisdiction over all asserted claims; and

(v)   clearly set forth all factual allegations upon which Plaintiff's claims are based.

Id. at 9-10. Additionally, the court stated that the Third Amended Complaint "must comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure." Id. at 10. The court again specifically warned Plaintiff that "this action may be dismissed if he fail[ed] to comply with the terms of [the] Order." Id.

Between February 24, 2020 and May 29, 2020, Plaintiff filed more than two dozen submissions with the court, seventeen of which Plaintiff referred to as a Third Amended Complaint. See Third Am. Compls., ECF Nos. 25, 26, 27, 28, 30, 34, 35, 36, 37, 40, 42, 43,

4

44, 45, 50, 51, 52.  On May 27, 2020, Plaintiff appealed various Orders of this court to the United States Court of Appeals for the Fourth Circuit.[1]  See Notice Appeal, ECF No. 48.

Seven motions filed by Plaintiff, docketed at ECF Nos. 29, 31, 32, 33, 38, 39, and 41, were not resolved prior to the filing of Plaintiff's Notice of Appeal.  Order at 2, ECF No. 58.  In an Order entered on February 16, 2021, the court directed the Clerk to terminate the motions without prejudice, for administrative purposes only, pending the resolution of Plaintiff's appeal.  Id. at 2-3.

On March 8, 2021, the Fourth Circuit dismissed Plaintiff's appeal, and issued its mandate on March 30, 2021.  Op. at 1-2, ECF No. 59; Mandate, ECF No. 61.  Less than three weeks later, on April 19, 2021, Plaintiff filed another appeal with the Fourth Circuit.  Notice Appeal, ECF No. 63.

In his second appeal, Plaintiff challenged the court's February 16, 2021 Order that directed the Clerk to administratively terminate

---

[1] Plaintiff initially submitted a document to the Fourth Circuit that was "styled as both a notice of appeal and a petition for writ of mandamus under 18 U.S.C. § 3771."  Order at 1, In re: Jacob Queern, No. 20-1589 (4th Cir. May 27, 2020), ECF No. 3.  Based on Plaintiff's submission, the Fourth Circuit opened a case under 18 U.S.C. § 3771 on May 22, 2020, but later determined that Plaintiff was "not seeking mandamus relief" under § 3771, but was "instead seeking review of various district court orders entered in his civil action."  Id.  As a result, the Fourth Circuit issued an Order on May 27, 2020, that directed its clerk to (i) close the § 3771 case, and (ii) send Plaintiff's submission to this court "for filing and transmission to [the Fourth Circuit] as a notice of appeal."  Id.  Pursuant to the Fourth Circuit's instructions, this court filed Plaintiff's Notice of Appeal on May 27, 2020, and transmitted the record to the Fourth Circuit.  Notice Appeal, ECF No. 48.

Plaintiff's motions, without prejudice, pending the resolution of Plaintiff's appeal. Id. The Fourth Circuit dismissed Plaintiff's second appeal on October 21, 2021, and issued its mandate on December 13, 2021. See Queern v. Def. Logistics Agency, (DLA), No. 21-1482, 2021 U.S. App. LEXIS 31739, at *1 (4th Cir. Oct. 21, 2021); Mandate, ECF No. 69. With Plaintiff's appeals fully resolved, this court may proceed with Plaintiff's case.

## II. Discussion

As summarized above, this court has already provided pro se Plaintiff several opportunities to amend the operative complaint in this action. See supra Part I (summarizing the procedural history of this action). The court has also explained to Plaintiff, on more than one occasion, that the operative complaint must comply with certain specific requirements. See Order at 5-6, ECF No. 9; Order at 9-10, ECF No. 22. Most recently, on February 24, 2020, the court ordered Plaintiff to file a Third Amended Complaint that (i) complied with the federal pleading standards set forth in Federal Rules of Civil Procedure 8 and 10; (ii) clearly identified the named Defendants; (iii) clearly stated, with specificity, all claims that Plaintiff intended to assert; (iv) clearly identified a valid basis for the court's jurisdiction over Plaintiff's asserted claims; and (v) clearly set forth all factual allegations upon which Plaintiff's claims are based. See Order at 9-10, ECF No. 22. The court specifically warned Plaintiff that failure to comply with the terms

of the February 24, 2020 Order may lead to the dismissal of this action. Id. at 10.

Upon review of the host of "Third Amended Complaints" that Plaintiff filed in response to the court's February 24, 2020 Order, the court finds that Plaintiff has failed to comply with the detailed instructions set forth in the court's Order. Specifically, the court finds that Plaintiff's filings do not satisfy the pleading requirements of Federal Rules 8 or 10, do not clearly identify the named Defendants, and do not clearly state, with specificity, Plaintiff's intended claims or the factual bases for such claims.

Federal Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Although Federal Rule 41(b) states that "a defendant may move to dismiss the action," the court retains the "authority to act on its own initiative," and "need not await a motion from a defendant before it employs the dismissal sanction." Id.; see Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991) (citing Link v. Wabash R. Co., 370 U.S. 626, 630 (1962)); see also Queern v. United States, No. 3:21cv411, 2021 U.S. Dist. LEXIS 159242, at *1-3 (E.D. Va. Aug. 17, 2021) (dismissing a case filed in the Richmond Division of this court by the same plaintiff in the instant action pursuant to Federal Rule 41(b) after an amended complaint was

filed that failed to strictly comply with the court's previous directives).

Here, the court finds that Plaintiff's actions, as detailed above, demonstrate a failure to comply with prior Orders of this court. The court further finds that, given the multiple opportunities that Plaintiff has already been given to amend the operative complaint, further amendment opportunities in this action are unwarranted. Accordingly, Plaintiff's action is hereby **DISMISSED** without prejudice pursuant to Federal Rule 41(b).[2]

### III. Conclusion

For the reasons set forth above, Plaintiff's action is hereby **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days from the date of entry of this Dismissal Order.

---

[2] Because the court hereby dismisses this action, Plaintiff's motions that were administratively terminated without prejudice pending the resolution of Plaintiff's appeal, ECF Nos. 29, 31, 32, 33, 38, 39, and 41, are **DISMISSSED** as moot.

The Clerk is **DIRECTED** to docket this Dismissal Order in the court's electronic filing system.[3]

IT IS SO **ORDERED**.

March 31, 2022

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

---

[3] On November 27, 2019, the court granted Plaintiff's E-Noticing Request. Order, ECF No. 9. Accordingly, when this Dismissal Order is docketed, Plaintiff will receive an automatically generated e-mail message from the court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Dismissal Order.