UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACOB QUEERN,

        Plaintiff,

v.                                    ACTION NO. 2:19cv485

DEFENSE LOGISTICS AGENCY (DLA), et al.,

        Defendants.

## FINAL ORDER

This matter is before the court in this closed case on pro se Plaintiff Jacob Queern's ("Plaintiff") Motion for Reconsideration, ECF No. 72.[1] For the reasons set forth below, Plaintiff's Motion for Reconsideration, ECF No. 72, is **DENIED**.

### I. Relevant Background

Plaintiff initiated this action on September 9, 2019, by submitting a package to the court that included, among other things, a USB flash drive that contained an electronic version of an application to proceed in forma pauperis ("First IFP Application") and a hard copy of an unsigned Complaint. First IFP Appl., ECF No. 2; Proposed Compl., ECF No. 2-1; see Order at 1, ECF No. 1. Due to confusion regarding the identity of the named Plaintiff, the court denied Plaintiff's First IFP Application. Order at 3-4.

---

[1] Plaintiff titled his motion, "MOTION FOR RELIEF Fed. R. Civ. P. 60"; however, the court will refer to Plaintiff's motion herein as a "Motion for Reconsideration." Mot. Recons. at 3, ECF No. 72.

On September 30, 2019, Plaintiff filed a Second IFP Application, along with a proposed Amended Complaint. Second IFP Appl., ECF No. 4; Proposed Am. Compl., ECF No. 4-2. Upon review, the court determined that Plaintiff's Second IFP Application failed to establish that Plaintiff was entitled to in forma pauperis status. Order at 3, ECF No. 5. As a result, the court denied Plaintiff's Second IFP Application. Id.

On November 14, 2019, Plaintiff filed a Third IFP Application. Third IFP Appl., ECF No. 7. On November 27, 2019, the court granted Plaintiff's Third IFP Application and directed the Clerk to file Plaintiff's Amended Complaint. Order at 4-5, ECF No. 9. In its November 27, 2019 Order, the court explained that Plaintiff filed a number of proposed motions prior to the resolution of the fee waiver issues. Id. at 1. With the fee waiver issues resolved, the court addressed the motions. Id. at 5-8.

One of Plaintiff's motions sought leave to file a Second Amended Complaint. Id. at 5. In deference to Plaintiff's pro se status, the court granted Plaintiff's amendment request. Id. However, in doing so, the court advised Plaintiff that his Second Amended Complaint must comply with certain specific requirements. Id. The court stated that the Second Amended Complaint must:

 (i) be clearly labeled as Plaintiff's Second Amended Complaint;

 (ii) clearly identify all Defendants against whom Plaintiff intends to assert claims;

    (iii)  clearly state, with specificity, all claims that Plaintiff intends to assert against Defendants;

    (iv)  clearly identify a valid basis for the court's jurisdiction over all asserted claims;

    (v)  clearly set forth all factual allegations upon which Plaintiff's claims are based; and

    (vi)  attach any relevant exhibits to support such claims.

Id. The court also stated that the Second Amended Complaint "must comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure." Id. at 6. The court explained:

> Federal Rule 8 requires a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Federal Rule 8 explains that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Federal Rule 10 states that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Id. The court specifically warned Plaintiff that "this action may be dismissed if he fail[ed] to comply with the terms of [the] Order." Id.

Plaintiff filed a Second Amended Complaint, and soon thereafter, Plaintiff filed additional motions that sought to add more claims to his Second Amended Complaint. See Second Am. Compl., ECF No. 17; Mots., ECF Nos. 20, 21. In an Order entered on February 24, 2020, the court explained that "Plaintiff's Second Amended Complaint continue[d] to lack the clarity requested by the court." Order at 8, ECF No. 22. In deference to Plaintiff's pro se status,

3

the court provided Plaintiff with yet another amendment opportunity. Id. at 9. The court granted Plaintiff leave to file a Third Amended Complaint "to clarify the intended Defendants, and to clearly identify all claims to be asserted in this action." Id.

The court advised Plaintiff that his Third Amended Complaint must comply with certain specific requirements. The court stated that the Third Amended Complaint must:

(i) be clearly labeled as Plaintiff's Third Amended Complaint;

(ii) clearly identify the Defendant(s) against whom Plaintiff intends to assert claims;

(iii) clearly state, with specificity, all claims that Plaintiff intends to assert against Defendant(s);

(iv) clearly identify a valid basis for the court's jurisdiction over all asserted claims; and

(v) clearly set forth all factual allegations upon which Plaintiff's claims are based.

Id. at 9-10. Additionally, the court stated that the Third Amended Complaint "must comply with the federal pleading standards set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure." Id. at 10. The court again specifically warned Plaintiff that "this action may be dismissed if he fail[ed] to comply with the terms of [the] Order." Id.

Between February 24, 2020 and May 29, 2020, Plaintiff filed more than two dozen submissions with the court, seventeen of which Plaintiff referred to as a Third Amended Complaint. See Third Am. Compls., ECF Nos. 25, 26, 27, 28, 30, 34, 35, 36, 37, 40, 42, 43,

44, 45, 50, 51, 52. On May 27, 2020, Plaintiff appealed various Orders of this court to the United States Court of Appeals for the Fourth Circuit.[2] See Notice Appeal, ECF No. 48.

Seven motions filed by Plaintiff, docketed at ECF Nos. 29, 31, 32, 33, 38, 39, and 41, were not resolved prior to the filing of Plaintiff's Notice of Appeal. Order at 2, ECF No. 58. In an Order entered on February 16, 2021, the court directed the Clerk to terminate the motions without prejudice, for administrative purposes only, pending the resolution of Plaintiff's appeal. Id. at 2-3.

On March 8, 2021, the Fourth Circuit dismissed Plaintiff's appeal, and issued its mandate on March 30, 2021. Op. at 1-2, ECF No. 59; Mandate, ECF No. 61. Less than three weeks later, on April 19, 2021, Plaintiff filed another appeal with the Fourth Circuit. Notice Appeal, ECF No. 63.

In his second appeal, Plaintiff challenged the court's February 16, 2021 Order that directed the Clerk to administratively terminate

---

[2] Plaintiff initially submitted a document to the Fourth Circuit that was "styled as both a notice of appeal and a petition for writ of mandamus under 18 U.S.C. § 3771." Order at 1, In re: Jacob Queern, No. 20-1589 (4th Cir. May 27, 2020), ECF No. 3. Based on Plaintiff's submission, the Fourth Circuit opened a case under 18 U.S.C. § 3771 on May 22, 2020, but later determined that Plaintiff was "not seeking mandamus relief" under § 3771, but was "instead seeking review of various district court orders entered in his civil action." Id. As a result, the Fourth Circuit issued an Order on May 27, 2020, that directed its clerk to (i) close the § 3771 case, and (ii) send Plaintiff's submission to this court "for filing and transmission to [the Fourth Circuit] as a notice of appeal." Id. Pursuant to the Fourth Circuit's instructions, this court filed Plaintiff's Notice of Appeal on May 27, 2020, and transmitted the record to the Fourth Circuit. Notice Appeal, ECF No. 48.

Plaintiff's motions, without prejudice, pending the resolution of Plaintiff's appeal. Id. The Fourth Circuit dismissed Plaintiff's second appeal on October 21, 2021, and issued its mandate on December 13, 2021. See Queern v. Def. Logistics Agency, (DLA), No. 21-1482, 2021 U.S. App. LEXIS 31739, at *1 (4th Cir. Oct. 21, 2021); Mandate, ECF No. 69.

With Plaintiff's appeals fully resolved, this court proceeded with Plaintiff's case. Upon review, the court determined that Plaintiff failed to comply with prior Orders of this court, and as a result, dismissal of this action was warranted under Federal Rule 41(b). Dismissal Order at 1-9, ECF No. 70. In a Dismissal Order entered on March 31, 2022, the court stated:

> [T]his court has already provided pro se Plaintiff several opportunities to amend the operative complaint in this action. The court has also explained to Plaintiff, on more than one occasion, that the operative complaint must comply with certain specific requirements. Most recently, on February 24, 2020, the court ordered Plaintiff to file a Third Amended Complaint that (i) complied with the federal pleading standards set forth in Federal Rules of Civil Procedure 8 and 10; (ii) clearly identified the named Defendants; (iii) clearly stated, with specificity, all claims that Plaintiff intended to assert; (iv) clearly identified a valid basis for the court's jurisdiction over Plaintiff's asserted claims; and (v) clearly set forth all factual allegations upon which Plaintiff's claims are based. The court specifically warned Plaintiff that failure to comply with the terms of the February 24, 2020 Order may lead to the dismissal of this action.
>
> Upon review of the host of "Third Amended Complaints" that Plaintiff filed in response to the court's February 24, 2020 Order, the court finds that Plaintiff has failed to comply with the detailed instructions set forth in the

> court's Order. Specifically, the court finds that Plaintiff's filings do not satisfy the pleading requirements of Federal Rules 8 or 10, do not clearly identify the named Defendants, and do not clearly state, with specificity, Plaintiff's intended claims or the factual bases for such claims.

Id. at 6-7 (citations omitted).

The court explained that when a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may dismiss the action pursuant to Federal Rule 41(b). Id. at 7 (citing Fed. R. Civ. P. 41(b); Zaczek v. Fauquier Cnty., 764 F. Supp. 1071, 1075 n.16 (E.D. Va. 1991); Queern v. United States, No. 3:21cv411, 2021 U.S. Dist. LEXIS 159242, at *1-3 (E.D. Va. Aug. 17, 2021)). The court determined that Plaintiff's actions in this matter "demonstrated a failure to comply with prior Orders of this court," and that "given the multiple opportunities that Plaintiff has already been given to amend the operative complaint, further amendment opportunities in this action [were] unwarranted." Id. at 8. Therefore, the court dismissed this action without prejudice pursuant to Federal Rule 41(b). Id.

## II. **Plaintiff's Motion for Reconsideration**

On May 2, 2022, Plaintiff filed a Motion for Reconsideration. Mot. Recons., ECF No. 72. In his motion, Plaintiff claims that the undersigned and several current and former Judges of the Fourth Circuit have violated "the public's right of access under the First Amendment" and deprived Plaintiff "of his civil rights." Id. at 4.

7

Plaintiff appears to argue that he would have succeeded on the merits of his underlying claims in this action; however, improper judicial actions prevented him from doing so. Id. at 5-8. As relief, Plaintiff seeks (i) triple the monetary damages requested in Plaintiff's prior filings; (ii) an order compelling Defendants "to perform the over one hundred clear nondiscretionary duties owed" to Plaintiff; (iii) costs and attorneys' fees; (iv) the preservation of Plaintiff's "right to a jury trial"; (v) a declaration that Plaintiff is entitled to $50,000,000.00 "so the [Plaintiff] can get his creditors paid and return to life sans deliberate decisions of government officials to deprive [Plaintiff] of life, liberty, or property"; (vi) the unsealing of several court documents; (vii) the issuance of a press release by the court; and (viii) "30 days to articulate a new list of demands for relief with the aid of his chosen legal counsel." Id. at 9-11 (internal quotations omitted).

Federal Rule 60(b) authorizes a district court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that

>           has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). As the Fourth Circuit has explained, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted). Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. Id. "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Upon review of Plaintiff's Motion for Reconsideration, the court finds that Plaintiff has not established that reconsideration of the court's March 31, 2022 Dismissal Order is warranted. Specifically, the court finds that Plaintiff has not crossed the "initial threshold" of establishing a meritorious defense, the lack of unfair prejudice to Defendants, or the existence of exceptional circumstances. Dowell, 993 F.2d at 48. Additionally, the court finds that Plaintiff has not established the applicability of any of the six specific sections of Federal Rule 60(b) summarized above.

Id.; see Fed. R. Civ. P. 60(b). Accordingly, Plaintiff's Motion for Reconsideration, ECF No. 72, is **DENIED**.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion for Reconsideration, ECF No. 72, is **DENIED**.

Plaintiff is ADVISED that this is a closed case. Any further filings in this closed case by Plaintiff, other than a notice of appeal, shall be docketed by the Clerk as a submission only, without any further Order of the court.

Plaintiff may appeal this Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty days from the date of entry of this Final Order.

The Clerk is **DIRECTED** to docket this Final Order in the court's electronic filing system.[3]

IT IS SO **ORDERED**.

July 12, 2022

/s/
Rebecca Beach Smith
Senior United States District Judge

---

[3] On November 27, 2019, the court granted Plaintiff's E-Noticing Request. Order, ECF No. 9. Accordingly, when this Final Order is docketed, Plaintiff will receive an automatically generated e-mail message from the court's electronic filing system containing a Notice of Electronic Filing, with a hyperlink to this Final Order.